IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS RAY ARLEDGE, ) | |
| ) | |
| Plaintiff, ) | Case No. CV-04-251-S-BLW |
| ) | |
| v. ) | **ORDER** |
| ) | |
| IDAHO COMMISSION OF ) | |
| PARDONS AND PAROLE, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court is Plaintiff's post-judgment motion entitled "Motion to Compel: U.S. District Court to Comply with 28 U.S.C. § 1915" (Docket No. 20-1). Plaintiff's Prisoner Civil Rights Complaint (Complaint) was dismissed on August 16, 2004, and a Judgment was entered on the same date. Plaintiff's Complaint was subject to dismissal because he failed to challenge his parole revocation through a state court habeas proceeding prior to filing a civil rights claim. Therefore, he was informed that his claims were premature and the case was dismissed without prejudice to re-filing it.

Plaintiff filed an appeal of the order dismissing his Complaint, and the appeal was dismissed on March 28, 2005. *Docket No. 18*. Plaintiff appears to be arguing that he has new evidence which would relate to the issue of his parole

**ORDER  1**

denial and the alleged abuse against him for testifying about a murder that occurred at the prison.  Plaintiff does not state what the new evidence shows, only that he believes he can provide the new evidence.

It appears that Plaintiff's motion may be requesting relief from the Court of Appeals because the motion refers to a new hearing with a different panel of appellate judges.  Plaintiff is advised that his case was transferred back to the District Court after his appeal was dismissed, and this Court cannot provide the relief he is requesting from the Court of Appeals.

To the extent the motion can be construed as a request for reconsideration of the District Court's Order of dismissal entered two years ago, Plaintiff has failed to meet the standards under Federal Rule of Civil Procedure 60(b).  Rule 60(b) provides for relief from a final order or judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or

**ORDER  2**

proceeding was entered or taken.

Rule 60(b) limits motions to set aside a judgment on the basis of new alleged evidence to one year after the date the judgment was entered. Plaintiff's Judgment was entered in August of 2004. Therefore, to the extent the present motion can be construed as an attempt to set aside the judgment, it is untimely.

The United States Supreme Court recently decided that inmate plaintiffs *can* bring parole denial claims for declaratory or injunctive relief under 42 U.S.C. § 1983, rather than through a habeas corpus proceeding, so long as they do not challenge the fact or duration of their confinement. *Wilkinson v. Dotson*, 125 S. Ct. 1242 (2005). In other words, an inmate may "seek relief that will render invalid the state procedures used to deny parole eligibility . . . and parole suitability ." *Id*. at 1248. However, an inmate may not seek "an injunction ordering his immediate or speedier release into the community." *Id*. Therefore, based on this change in the law, an inmate can seek as a remedy consideration of a new parole application or a new parole hearing date, which may or may not result in an actual granting of a parole date. *Id*.

In the event Plaintiff seeks to challenge the procedures in a parole hearing that occurred within the last two years, thereby bringing it within the statute of limitations for civil rights violations, he may file a new lawsuit based on the

**ORDER 3**

*Wilkinson* case.  *See Wilson v. Garcia*, 471 U.S. 261 (1985), *overruled on other grounds*, (the length of the statute of limitations for a civil rights action is governed by state law; Idaho Code § 5-219 provides for a two-year statute of limitations for civil rights actions).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (Docket No. 20, and all parts therein) is DENIED.



DATED:  **April 18, 2006**

_____
B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  4**